■ In the Matter of MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, v. WILLIAM MALONE, Respondent.— Motion by appellant for leave to appeal to the Court of Appeals from an order of this court. The order finally determines a special proceeding. Motion granted. Pursuant to statute (Civ. Prac. Act, § 589, subd. 4, par. [a]), we certify that questions of law have arisen which in our opinion ought to be reviewed by the Court of Appeals. We further certify that the said order was made solely on the law and not in the exercise of discretion. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

## THIRD DEPARTMENT, JUNE, 1963

### (June 7, 1963)

■ In the Matter of the Claim of BENOJON ZYGLER, Respondent, v. TENZER COAT CO. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Employer and carrier appeal from a disability award contending only that claimant suffered no accident within the meaning of the Workmen's Compensation Law. In reversing the Referee who found no accident, the board determined that a quarrel between claimant, who had a pre-existing condition, and his shop foreman over the distribution of work constituted an accident. Claimant was a sewing machine operator working as a piece worker. On the morning in question while claimant was working at his machine the foreman brought him a bundle of work for the day. Claimant considered it too small and unequal to the work given to some other employees, and a quarrel ensued which involved no physical violence but was entirely oral. Thereafter claimant suffered a cerebral vascular episode which disabled him. The shop foreman testified the argument lasted "A few minutes", perhaps "ten minutes". The president of the employer company testified that such arguments were a daily occurrence where the work is piece work. Under such circumstances a finding of accident cannot be sustained. (*Matter of Santacroce* v. *40 W. 20th St.*, 9 A D 2d 985, affd. 10 N Y 2d 855; *Matter of Cramer* v. *Barney's Clothing Store*, 15 A D 2d 329, affd. 13 N Y 2d 711.) The fact that the cited cases involved heart attacks and this case involved a vascular incident is of no moment. In both situations an injury followed an argument or alleged emotional strain without physical exertion. (Cf. *Matter of Tillander* v. *Latin Quarter Cafe*, 9 A D 2d 590.) Award reversed and the claim dismissed, with costs to appellants against the Workmen's Compensation Board. Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.